UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS O'CONNOR,
    Plaintiff,
v.
SOLICITOR OF LABOR and
DEPARTMENT OF LABOR,
    Defendants.
_____/

Case No. 06-10670

Honorable Patrick J. Duggan

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 11, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                U.S. DISTRICT COURT JUDGE

On February 15, 2006, Thomas O'Connor filed suit against the Solicitor of Labor and the Department of Labor [hereinafter collectively "DOL" or "Defendants"]. Plaintiff seeks judicial review of DOL's November 15, 2005, decision to withhold information that Plaintiff requested under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Presently before the Court is Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies, filed on April 17, 2006.

**I.    Background**

The facts in this case are undisputed. On November 1, 2005, Plaintiff requested information from DOL under FOIA. On November 15, 2005, DOL responded to Plaintiff's request and denied most of his document requests.

On December 8, 2005, Plaintiff's law firm mailed an appeal of the denial to the

DOL. When Plaintiff did not receive a response, the law firm sent a letter to the DOL, dated January 20, 2006, which stated that Plaintiff had appealed the denial of his FOIA request but had not yet received a response.

DOL contends that it did not receive either the December 8, 2005 appeal, or the January 20, 2006 letter.

## II.   Standards of Review

Defendants move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

A motion to dismiss under Rule 12(b)(1) challenges the court's jurisdiction over the subject matter of the lawsuit. The plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000). A court must grant a Rule 12(b)(1) motion to dismiss if, taking all the facts alleged in the complaint as true, the court is without subject matter jurisdiction to hear the claim. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

A Rule 12(b)(6) motion tests the legal sufficiency of the plaintiff's complaint. *Scheid v. Fanny Farmer Candy Shops Inc.*, 859 F.2d 434, 436 n.1 (6th Cir. 1988). When deciding the motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

## III.   Discussion

A FOIA requester must exhaust his administrative remedies. *Dettman v. U.S. Dep't*

2

*of Justice*, 802, F.2d 1472, 1476-77 (D.C. Cir. 1986); *see* 5 U.S.C. § 552(a)(6)(A).  FOIA states that an agency has "twenty days (excepting Saturdays, Sundays, and legal public holidays) after the *receipt* of [the] appeal" within which to issue a decision.  5 U.S.C. § 552(a)(6)(A)(ii) (emphasis added).

Defendants argue that because they did not receive the appeal, Plaintiff failed to exhaust his administrative remedies.  Plaintiff does not deny that he is required to exhaust his administrative remedies before filing suit in this Court.  Rather, Plaintiff argues that he has pursued his remedies by mailing a timely appeal and sending a follow-up letter.

In this case, the Court is convinced that Plaintiff properly mailed the appeal and follow-up letter.  (Resp. Exs. A-C).  However, Defendants contend that they never received these documents and they have no record of them.  Therefore, the issue before the Court in this case is whether Plaintiff, by sending his appeal to the DOL and the follow-up letter, exhausted his administrative remedies under FOIA.

In his Response, Plaintiff argues that it is actually Defendants who have failed to comply with the time limits set forth in FOIA.  FOIA provides, in part: "Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C)(A).  Thus, Plaintiff contends that because the DOL failed to respond to his appeal and follow-up letter, he should be deemed to have exhausted his administrative remedies.

However, "the applicable time limit provision" addressed in § 552(a)(6)(C)(A) only begins to run when the DOL *receives* the appeal.  *See* 5 U.S.C. § 552(c)(6)(A)(ii).  There

is no way for the Court to know whether or not the DOL actually received the appeal where the Plaintiff used the regular mail to send his documents.

Although the Court does not believe that Plaintiff has "filed" an appeal, as required by FOIA, in this case, it is unclear who is to blame for this failure. Where Plaintiff clearly mailed the appeal and then, sent a follow-up letter to inquire as to the status of his appeal, a dismissal for failure to exhaust administrative remedies seems too harsh. In their Reply, Defendants note that if the Court finds that receipt by DOL is not necessary to satisfy the FOIA exhaustion requirement, DOL would agree to process the appeal even though Plaintiff's appeal would be filed outside of the 90-day period for filing an appeal. While the Court continues to believe that a plaintiff must satisfy the FOIA exhaustion requirement before filing a complaint in a federal district court, the Court believes that a plaintiff who takes timely steps to appeal the denial of his FOIA request, should have his appeal heard.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** so that DOL may process Plaintiff's appeal.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Jay A. Schwartz, Esq.
Francis L. Zebot, AUSA